**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **SUAREZ ANDERSON** | ) |
| | ) |
| v. | )   3-06-CV-2222-R |
| | ) |
| **NATHANIEL QUARTERMAN, Director,** | ) |
| **Texas Department of Criminal Justice** | ) |
| **Correctional Institutions Division** | ) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2241.

**Parties**: Petitioner is an inmate confined at the Ellis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Huntsville, Texas, serving felony convictions for the offenses of murder and aggravated assault on a correctional officer.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Anderson was sentenced to a term of 35 years confinement in the Texas Department of Criminal Justice for the offense of murder as charged in the indictment in Cause F-85-90193-PU on January 30, 1986. He was subsequently convicted for the offense of aggravated assault on a correctional officer in Cause No. 19,892 for which he was sentenced on October 28, 1988, to a consecutive term of five years. In the present petition Anderson does not

attack the legality of either of his convictions, but rather complains of the manner in which his sentences are being computed.

**Findings and Conclusions**: Anderson does not attack the legality of his convictions for which he is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division. The gravamen of his complaint is that he has not been given proper educational credits with respect to his 1986 murder conviction in No. F-85-90193-PU, for which he is entitled to mandatory supervision release,[1] as a result of which his release date in that case has been improperly retarded, resulting in a delay in the commencement of his consecutive sentence for aggravated assault on a correctional officer in No. 19,892 and for which he is ineligible for mandatory supervision release.[2]

In his answer Respondent identifies multiple reasons why Petitioner is not entitled to habeas corpus relief. Among them is the contention that he has failed to exhaust state court remedies. See answer at Part II, 9-10. It is axiomatic that a state prisoner must exhaust his claims in the state court system before seeking relief pursuant to §§ 2241 or 2254. In the present case it appears clear that the exhaustion requirement has not been satisfied. Although Anderson has filed numerous applications for relief pursuant to art. 11.07, the sole relevant application is No. WR 16,700-07 which he filed in the convicting court on February 28, 2006. See also his petition in this case at attachment, page #1.

As a precondition to an art. 11.07 application, limited to a "time-served credit error," a Texas state prisoner must first present his claim to the Texas Department of Criminal Justice system and

---

[1] See Respondent's answer at 1.

[2] See Respondent's answer at 2.

obtain a decision. See TEX. GOV'T CODE § 501.0081. Unless an inmate files such a time dispute resolution ("TDR") form, there is a lack of compliance with applicable state procedural law which is inconsistent with the exhaustion requirement. See e.g. Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060 (1989).

An examination of Anderson's art. 11.07 application in No. 16,700-07 reflects that it is silent as to whether he filed a TDR. See application at 002-010. He attached communications to and from himself regarding the issue of credits, Id. 015-19, and a purported copy of a letter dated November 7, 2006 (sic). Id. at 20.[3]

In response to the application the State argued inter alia that Anderson had not shown that he had complied with § 501.0081. Id. at 025. In its findings and conclusions, the trial court found that he failed to demonstrate that these remedies were pursued. Id. at 023. The Texas Court of Criminal Appeals dismissed the application, citing § 501.0081. Id. at cover.[4]

In Ex Parte Stokes, 15 S.W.3d 532 (Tex.Crim.App. 2000), the court found that the application at issue was deficient because - when filed in the district court - it failed to include a written decision from the office of time credit resolution nor did the application allege that he had submitted a time credit error claim to that office more than 180 days prior to the filing of the art. 11.07. And as in WR 16,700-07, the court dismissed the application.[5] Although the state court

---

[3] Assuming arguendo that page 20 is a true and correct copy of a letter sent on November 7, 2005, and even if it be construed as a TDR, his writ would have been prematurely filed. See § 501.0081(b)(2) supra.

[4] Given the time remaining on Petitioner's sentences, the exception to exhaustion under subsection (c) does not apply.

[5] Anderson submitted nothing to the state district court following receipt of the State's response alleging that he had filed a TDR claim more than 180 days prior to filing his art. 11.07 application, nor did he submit a copy of any TDR claim or decision.

3

record reflects that a letter to the Court of Criminal Appeals clerk which was received on May 31, 2006, and which included a copy of a TDR decision dated March 16, 2006, in light of the court's explanation of the procedural requirements in Ex Parte Stokes and the fact that WR 16,700-07 was filed prior to the issuance of the attached decision, it fails to comply with the applicable state law and therefore failed to exhaust state remedies. As pointed out by Respondent, since a dismissal by the Court of Criminal Appeals does not implicate art. 11.07 § 4, Anderson is not foreclosed from seeking relief after properly exhausting remedies under § 508.001.

Although Respondent has also addressed the merits of Petitioner's claim and the court may deny relief on a claim, even though unexhausted, § 2254 (b)(2), the court should decline to do so. The TDR decision dated March 16, 2006 - first submitted to the Court of Criminal Appeals - does not include a copy of Anderson's July 11, 2005, request referred to in the decision. Further, determining sentence credits as it relates to a prisoner serving multiple sentences and the prisoner's classification is more than a simple mechanical process. See Exhibit A attached to Respondent's answer. Even if the time credit sought by Petitioner were allowed, it is less than clear that a liberty interest would be implicated since as evidenced in Anderson's own case - See Exhibit E to § 2254 petition - regardless of time credit earned, a prisoner's mandatory release date can be adversely affected by disciplinary sanctions imposed. Anderson had lost 1388 days of good time due to disciplinary actions. Finally, since he would still remain in custody on the subsequently imposed aggravated assault conviction regardless of the ultimate outcome of his computation error claim and since the Texas Court of Criminal Appeals has not addressed this issue on the merits, he should be required to seek relief in the Texas court system in a procedurally correct manner.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be dismissed without prejudice for failure to exhaust state remedies.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 29th day of March, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.